**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4487**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

DONOVAN LETRELL HALL,

          Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City. Terrence W. Boyle, District Judge. (2:16-cr-00020-BO-1)

Submitted: February 20, 2018          Decided: February 28, 2018

Before GREGORY, Chief Judge, and DUNCAN and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Acting Federal Public Defender, Jaclyn L. DiLauro, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donovan Letrell Hall appeals following his guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2012), and the imposition of a 110-month downward variant sentence. Hall challenges both the procedural and substantive reasonableness of his sentence and contends that the Government violated the constitutional prohibition on double jeopardy by prosecuting him after he was prosecuted for the same conduct in state court. We reject these arguments and affirm the criminal judgment.

Turning first to Hall's double jeopardy claim, because Hall did not raise this argument in the district court, our review is limited only to plain error. *See United States v. Jackson*, 706 F.3d 264, 270 n.2 (4th Cir. 2013) (reviewing unpreserved Fifth Amendment double jeopardy challenge for plain error under *United States v. Olano*, 507 U.S. 725, 732-36 (1993)); *United States v. Higgs*, 353 F.3d 281, 324 (4th Cir. 2003) (reviewing constitutional claim that was not raised below for plain error). The protection against double jeopardy "prohibits the government from subjecting a person to multiple punishments for the same offense." *United States v. Schnittker*, 807 F.3d 77, 81 (4th Cir. 2015) (internal quotation marks omitted). However, under the dual sovereignty doctrine, "the Supreme Court has continually held that federal and state crimes are not the same offense, no matter how identical the conduct they proscribe." *United States v. Alvarado*, 440 F.3d 191, 196 (4th Cir. 2006) (internal quotation marks omitted); *see Abbate v. United States*, 359 U.S. 187, 194-96 (1959) (declining to overrule established principle

2

"that a federal prosecution is not barred by a prior state prosecution of the same person for the same acts").

While Hall is correct in that there are several certiorari petitions that raise this issue currently pending before the Supreme Court, *see, e.g.*, *Gamble v. United States*, No. 17-646 (docketed Nov. 2, 2017); *Ochoa v. United States*, No. 17-5503 (docketed Aug. 4. 2017), the Court has not granted certiorari in these cases. Thus, as Hall readily concedes, *Abbate* remains good law, and we reject this argument on that basis.

We next consider Hall's sentencing arguments. We review every federal sentence for reasonableness, employing an abuse of discretion standard. *United States v. Lymas*, 781 F.3d 106, 111 (4th Cir. 2015). Reasonableness review first requires that we consider whether the district court committed a significant procedural error, such as failing to consider the 18 U.S.C. § 3553(a) (2012) factors or failing to adequately explain the chosen sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007). Hall first challenges the procedural reasonableness of his sentence, focusing on the district court's analytical process and explanation for the selected sentence.

When rendering a sentence, the district court must make and place on the record an individualized assessment based on the particular facts of the case. *United States v. Carter*, 564 F.3d 325, 328, 330 (4th Cir. 2009). While the sentencing court must state in open court the specific bases for the selected sentence, the court's explanation "need not be exhaustive." *United States v. Avila*, 770 F.3d 1100, 1107 (4th Cir. 2014); *see also United States v. Johnson*, 445 F.3d 339, 345 (4th Cir. 2006) (court need not explicitly reference § 3553(a) or discuss every factor on the record). The court's explanation must

3

be sufficient "to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007).

"Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a district judge should address the party's arguments and explain why he has rejected those arguments." *United States v. Bollinger*, 798 F.3d 201, 220 (4th Cir. 2015) (internal quotation marks omitted). Although it is sometimes possible to discern a sentencing court's rationale from the context surrounding its decision, *United States v. Montes-Pineda*, 445 F.3d 375, 381 (4th Cir. 2006), "an appellate court may not guess at the district court's rationale, searching the record for statements by the Government or defense counsel or for any other clues that might explain a sentence[,]" *Carter*, 564 F.3d at 329-30. An insufficient explanation of the sentence imposed constitutes significant procedural error by the district court. *United States v. Lynn*, 592 F.3d 572, 576 (4th Cir. 2010).

Where, as here, the defendant preserved the issue of whether the explanation was adequate by arguing for a sentence different than that which was imposed, we review the issue for abuse of discretion. *Id.* If we find such abuse, we must reverse unless we conclude that the error was harmless. *Id.* The Government bears the burden of showing "that the error did not have a substantial and injurious effect or influence on the result and we can say with fair assurance that the district court's explicit consideration of the defendant's arguments would not have affected the sentence imposed." *United States v.*

4

*Boulware*, 604 F.3d 832, 838 (4th Cir. 2010) (alterations and internal quotation marks omitted).

Hall does not contest the computation of his Guidelines range, which was then reduced to the applicable 10-year statutory maximum. He does contend, however, that the district court procedurally erred in failing to explain either why it declined to award a downward departure based on U.S. Sentencing Guidelines Manual § 5K2.23, p.s. (2016), or the reasons for the chosen sentence.

The first prong of this argument stalls out of the gate. Defense counsel did not specifically ask the district court at sentencing to grant a downward departure under USSG § 5K2.23, p.s., which permits—but does not require—the sentencing court to depart downward from the defendant's Guidelines range for a completed term of imprisonment for another offense that would constitute relevant conduct to the instant offense. The record makes plain that defense counsel instead framed her argument in terms of a downward variance. By the same token, nothing in the record suggests that the district court was unaware of its authority to depart downward on this basis. Because "[w]e lack the authority to review a sentencing court's denial of a downward departure unless the court failed to understand its authority to do so[,]" *United States v. Brewer*, 520 F.3d 367, 371 (4th Cir. 2008), we agree with the Government that Hall's challenge to the procedural reasonableness of the sentence "is better suited as one to the general explanation of the sentence, not the explanation of a particular departure ruling." (Appellee's Br. (ECF No. 26) at 20).

5

On review, we conclude that the court's statements prior to announcing sentence demonstrate that Hall's individualized circumstances informed the court's decision to grant a 10-month downward variance from the 120-month statutory maximum. Indeed, the record makes plain the court's view that a long sentence was appropriate mostly because of Hall's extensive criminal background, which had been punished previously with light sentences and probationary terms. This is consistent with two of the main purposes identified in 18 U.S.C. § 3553(a)(2)—to protect the public from future crimes by Hall and to specifically deter Hall from continuing to engage in crime. Moreover, the record establishes that a focal point at sentencing was Hall's contention that his federal sentence should be reduced, at minimum, in consideration of the state sentence he had served. The district court actively engaged both attorneys on this topic and ultimately acceded to defense counsel's request for such a reduction—even if not to the full extent sought. The sentencing transcript demonstrates that the judge considered Hall's individual characteristics and history, as well as the circumstances of this offense, *see* 18 U.S.C. § 3553(a)(1), in fashioning its sentence, *see Rita*, 551 U.S. at 357-59.

Even if we were to find procedural error in the district court's explanation, *see United States v. Blue*, 877 F.3d 513, 519-21 (4th Cir. 2017) (vacating sentence and remanding for resentencing when the record did not provide adequate "contextual support" to discern the sentencing court's reasons for rejecting defendant's arguments for a downward departure), we accept the Government's alternative contention that such an error is harmless, *see Boulware*, 604 F.3d at 839-40. The court considered—and, ultimately, mostly accepted—Hall's argument for a sentence below the statutory

6

maximum, which was based on the following facts: (1) that Hall's conviction arose from a guilty plea as opposed to after trial; (2) that Hall accepted responsibility and apologized to the arresting officer; (3) that Hall wanted to change his life for the better; and (4) that the same conduct formed the basis for Hall's state conviction. While it initially resisted defense counsel's arguments, the court eventually retreated from its position that it should impose the statutory maximum 120-month sentence and awarded a 10-month downward variance. Accordingly, even if there was a deficit in the court's explanation, we alternatively hold that the Government has established that such an error is harmless.

Finally, then, we address Hall's challenge to the substantive reasonableness of his sentence. *Gall*, 552 U.S. at 51. Of course, we presume that a sentence within or below a properly calculated Guidelines range is substantively reasonable. *United States v. Susi*, 674 F.3d 278, 289 (4th Cir. 2012); *see Blue*, 877 F.3d at 519-20. "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

To undermine the presumption of reasonableness that attaches to the below-Guidelines sentence he received, Hall relies on the same core reasons advanced to demonstrate procedural error. But these arguments invite us to reweigh the § 3553(a) factors and the relevant circumstances in this case, which we will not do. *See United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011) (recognizing that "district courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors"). On this record, we cannot say that the district court abused its

7

discretion in giving controlling weight to the need to protect the public from Hall's unrelenting criminal conduct, Hall's extensive criminal history—which carries with it an increased likelihood of recidivism—and the seriousness of the underlying offense, which likewise was a focal point at sentencing. *See* 18 U.S.C. § 3553(a)(1)-(2). Accordingly, we hold that Hall has failed to overcome the presumption of substantive reasonableness afforded the below-Guidelines sentence he received.

For these reasons, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*