**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4905**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

MICHAEL SCHNITTKER,

          Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Anthony J. Trenga, District Judge. (1:14-cr-00086-AJT-1)

Argued: October 29, 2015         Decided: December 2, 2015

Before WILKINSON, SHEDD, and WYNN, Circuit Judges.

Affirmed by published opinion. Judge Wilkinson wrote the opinion, in which Judge Shedd and Judge Wynn joined.

**ARGUED:** Cary Citronberg, THE LAW OFFICES OF JOHN ZWERLING, P.C., Alexandria, Virginia, for Appellant. Christopher John Catizone, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee. **ON BRIEF:** John Kenneth Zwerling, THE LAW OFFICES OF JOHN ZWERLING, P.C., Alexandria, Virginia, for Appellant. Dana J. Boente, United States Attorney, Matt J. Gardner, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

WILKINSON, Circuit Judge:

This appeal involves the application of the Double Jeopardy Clause when a criminal defendant pleads guilty to one crime in an indictment and elects to go to trial on the other. Appellant Michael Schnittker appeals his conviction for receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2). Schnittker argues that his prosecution and conviction under 18 U.S.C. § 2252(a)(2) should have been barred by the Fifth Amendment's Double Jeopardy Clause because of his earlier plea to possession of child pornography in violation of 18 U.S.C. § 2252(a)(4). Because we find no double jeopardy violation, we reject Schnittker's argument and affirm his conviction.

I.

On November 7, 2013, federal agents executed a search warrant on Schnittker's home. During the search, the agents seized two hard drives: a Western Digital hard drive and a Maxtor hard drive. Computer forensic analysis showed that the hard drives collectively contained approximately 18,000 pornographic images or videos, and that a great many of the images or videos on each hard drive were of child pornography.

On March 6, 2014, a grand jury indicted Schnittker for receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) (Count 1), and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4) (Count 2).

2

The indictment spoke in general terms. Both Count 1 and Count 2 referred to "any visual depiction of a minor engaging in sexually explicit conduct . . . ." J.A. 14-15. And neither Count 1 nor Count 2 named the child pornography files or hard drives that supported the prosecution. In addition, the indictment's forfeiture notice provided that "[u]pon a conviction for violating 18 U.S.C. Sections 2252(a)(2) or (a)(4), the defendant MICHAEL SCHNITTKER shall forfeit to the United States any and all matters which contain visual depictions of minors engaged in sexually explicit conduct . . . ." J.A. 16. The notice listed Schnittker's "Generic Computer" and both the Western Digital hard drive and the Maxtor hard drive as property to be forfeited upon conviction.

A few weeks later, defense counsel informed the government that Schnittker intended to plead guilty to Count 2 (the possession charge) and go to trial on Count 1 (the receipt charge). Perhaps sensing a double jeopardy claim in the offing, the government sent an email to defense counsel to "make it express" that the child pornography on the Maxtor hard drive would support Count 1 and the child pornography on the Western Digital hard drive would support Count 2. J.A. 252. Defense counsel then asked the government to clarify what child pornography was on each hard drive. In its reply, the government attached spreadsheets that listed the child pornography files on

3

each hard drive reviewed by the forensics expert. A review of these spreadsheets showed that at least some of the file names on the Maxtor hard drive were different from the file names on the Western Digital hard drive. The government told defense counsel that, "[a]t trial, [it] could use any of the child pornography from the Maxtor hard drive to support the receipt count." J.A. 251.

In conjunction with Schnittker's decision to plead guilty to Count 2 (possession), Schnittker, defense counsel, and the government signed a statement of facts detailing the evidence supporting Schnittker's plea. The statement of facts named the Western Digital hard drive but did not mention the Maxtor hard drive. It provided that the Western Digital hard drive "contained over a thousand images and videos of child pornography." J.A. 21. The statement of facts also had a general reservation provision stating that it did "not include each and every fact known to the Defendant or the government, and it is not intended to be a full enumeration of all of the facts surrounding the Defendant's case." J.A. 22.

Schnittker's plea hearing occurred on April 17, 2014. At the start of the hearing, the government made one point "for the record."

> **The Government:** "[T]he plea is to Count 2, which is possession. Count 1 is for receipt of child pornography. Just to state for the record, there are

4

two external hard drives. They both contain child pornography in this case. The Western Digital hard drive is the -- I'm sorry. The possession count is for the Western Digital hard drive and the child pornography on that. The other hard drive is a Maxtor hard drive. The child pornography on that goes to the receipt count and won't be the subject of the plea today."

**The Court:** "All right. Is the second hard drive the only hard drive the government is relying on for the purposes of the receipt charge?"

**The Government:** "Yes."

**The Court:** "All right." J.A. 26-27.

Later during the hearing, the district court asked the government about the proof it would have used at trial on the possession count. The government explained that it would have relied on the child pornography on the Western Digital hard drive. Consistent with the statement of facts, the government did not mention the Maxtor hard drive. J.A. 39-40.

Also during the hearing the district court conducted a plea colloquy with Schnittker. The district court confirmed that Schnittker's plea was "knowing and voluntary," that he did not have "any difficulty understanding . . . anything about the[] proceedings," that he did "not disagree with anything the government ha[d] told the Court about [his] conduct" and that he "understood everything" contained in the statement of facts. J.A. 43, 29, 41. At the conclusion of the hearing, Schnittker pled guilty to Count 2.

5

On April 24, 2014, the government obtained a superseding indictment. This indictment differed from the first indictment only in that it moved the start date of the unlawful activity covered by Count 1 forward from January 2011 to April 2010. Shortly after obtaining the superseding indictment, the government moved to dismiss that indictment's Count 2, as Schnittker had already pled guilty to possession of child pornography under the first indictment.

A few days later, the government filed a Rule 404(b) notice, stating that it would use Schnittker's plea to possession of child pornography on the Western Digital hard drive to prove in the upcoming trial that Schnittker received child pornography on the Maxtor hard drive.

At Schnittker's bench trial for receipt of child pornography the government presented evidence showing that the Maxtor hard drive contained child pornography. A government witness acknowledged that the Maxtor hard drive contained child pornography files that were also on the Western Digital hard drive, but she also confirmed that there were "a lot of files that were not duplicates." J.A. 162–63. And in its response to Schnittker's motion to dismiss on double jeopardy grounds, the government pointed to the spreadsheets it had produced showing that the Maxtor hard drive contained files different from those on the Western Digital hard drive.

6

At the close of the government's evidence, Schnittker moved to dismiss the superseding indictment, claiming that his prosecution under Count 1 violated the Double Jeopardy Clause. Specifically, Schnittker argued that his plea to possession under Count 2 covered both the Western Digital hard drive and the Maxtor hard drive, and that this plea, in conjunction with the date change in the superseding indictment, barred the government from prosecuting and convicting him for receipt under Count 1. The district court took briefing on the double jeopardy question and, on August 18, 2014, issued a written order denying Schnittker's motion.

At the same time that it ruled on Schnittker's double jeopardy motion, the district court denied Schnittker's Rule 29 motion for judgment of acquittal, finding that the evidence the government had presented relating to the Maxtor hard drive allowed a reasonable trier of fact to make a finding of receipt of child pornography beyond a reasonable doubt. The district court found Schnittker guilty of receipt of child pornography under Count 1 the following day, and entered judgment on Count 1 and Count 2 on November 21, 2014. Schnittker timely appealed, and continues to argue that his earlier guilty plea under Count 2 barred the government's later prosecution and conviction under Count 1.

## II.

We review de novo questions concerning the Double Jeopardy Clause. United States v. Studifin, 240 F.3d 415, 418 (4th Cir. 2001). That clause protects persons from being "subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. One aspect of this protection prohibits the government from subjecting a person to "multiple punishments for the same offense." Ohio v. Johnson, 467 U.S. 493, 498 (1984); Missouri v. Hunter, 459 U.S. 359, 366-67 (1983). This prohibition attaches if the subject offenses "are in law and in fact the same offense." United States v. Crew, 538 F.2d 575, 577 (4th Cir. 1976); see also Blockburger v. United States, 284 U.S. 299, 304 (1932).

As the government notes, Appellee's Br. at 8-9, our sister circuits appear to agree that possession of child pornography is a lesser-included offense of receipt of child pornography, reasoning that the crime of possession of child pornography under 18 U.S.C. § 2252(a)(4) does not contain an element different from the elements that constitute the crime of receipt of child pornography under 18 U.S.C. § 2252(a)(2). United States v. Benoit, 713 F.3d 1, 14 (10th Cir. 2013) (reviewing cases). Assuming without deciding that the subject offenses in this case are the same in law, we turn to the question of whether the two

8

offenses with which Schnittker was charged are also the same in fact.

"To determine whether two offenses . . . are the same in fact, a court must ascertain whether a reasonable person familiar with the totality of the facts and circumstances" would construe the count to which the defendant pled guilty "to cover the offense charged" later in the prosecution. See United States v. Olmeda, 461 F.3d 271, 282 (2d Cir. 2006). This is an "objective" inquiry. Id. And it is not limited to the indictment language only, but extends to "the entire record" of the proceedings. Benoit, 713 F.3d at 17. Importantly, the inquiry must focus on what a reasonable person would understand at the time the defendant entered his plea, because that is the time at which jeopardy attaches. Olmeda, 461 F.3d at 282.

Our review of the record in this case leads us to conclude that an objective person in Schnittker's position would have understood that he was pleading guilty to possession of child pornography only in regard to the child pornography on the Western Digital hard drive. Admittedly, Count 1 and Count 2 of the indictment referred generally to child pornography, the indictment's forfeiture clause referenced both hard drives, and the statement of facts supporting Schnittker's guilty plea contained an open-ended reservation provision. But these points are not enough to overcome the mass of evidence demonstrating

9

that, at the time Schnittker pled guilty, a reasonable person would know full well that he was pleading guilty only in regard to the child pornography on the Western Digital hard drive.

As detailed above, once Schnittker disclosed his intention to plead guilty to Count 2, the government made it "express" that Schnittker's guilty plea would be based only on the child pornography on the Western Digital hard drive. Moreover, the government then produced spreadsheets delineating the different file names on the respective hard drives to make abundantly clear that the child pornography on the Maxtor hard drive supported Count 1 and the child pornography on the Western Digital hard drive supported Count 2.

The government emphasized this point again in open court just before Schnittker tendered his guilty plea in regard to the possession count.[1] Finally, both defense counsel and Schnittker signed a statement of facts in connection with Schnittker's guilty plea that named only the Western Digital hard drive, and the government mentioned only that hard drive when it outlined for the district court the evidence it would have used were

---

[1] The Supreme Court has directed lower courts not to rely on a defendant's "supposed acquiescence to a prosecutorial statement" when identifying the scope of a prior crime for purposes of the Armed Career Criminal Act. Descamps v. United States, 133 S. Ct. 2276, 2289 (2013). In this case, though, we do not face such an issue, because an objective review of the record makes clear that Schnittker accepted the prosecutor's statement.

Schnittker to have gone to trial on the possession count. All of this compels us to conclude that a reasonable person familiar with the totality of the facts and circumstances would have understood that he was pleading guilty only in regard to the child pornography on the Western Digital hard drive.

Having ascertained the scope of Schnittker's plea, we must now determine whether the unlawful conduct encompassed by Schnittker's later prosecution for receipt of child pornography is distinct from that which was covered by his earlier plea. The federal courts of appeals have relied on various manifestations of distinct conduct to determine that separate counts were not the same in fact. See United States v. Teague, 722 F.3d 1187, 1191 (9th Cir. 2013) (separate CDs and hard drives may support separate conduct); Benoit, 713 F.3d at 16-17 (separate images may support separate conduct); see also United States v. Halliday, 672 F.3d 462, 470-71 (7th Cir. 2012) (separate videos or dates may support separate conduct); United States v. Bobb, 577 F.3d 1366, 1375 (11th Cir. 2009), cert. denied, 560 U.S. 928 (2010) (separate images or dates may support separate conduct).

In United States v. Polouizzi, the Second Circuit rejected the defendant's double jeopardy claim because it concluded that no double jeopardy violation exists so long as "the possession conviction was based on an image the receipt of which did not form the basis of the receipt conviction." 564 F.3d 142, 159 (2d

11

Cir. 2009). This is a sensible tack, because different images or videos display different human beings or different sexual activities. The images are thus in a genuine sense distinct. Distinctiveness is in fact all the more likely in cases such as this where the child pornography collection is truly massive.

In this case, for example, Schnittker admitted to possessing over 1,000 images or videos of child pornography on the Western Digital hard drive, while the district court made clear that it was relying on four videos on the Maxtor hard drive as the basis for its judgment on the receipt conviction. Moreover, a government witness testified that many files on the Maxtor hard drive "were not duplicates" of the files on the Western Digital hard drive. Consequently, because the defendant admitted to possessing over one thousand images or videos of child pornography, at least some of which did not ground the receipt conviction, there is more than sufficient proof in the record that "the possession conviction was based on an image the receipt of which did not form the basis of the receipt conviction." Polouizzi, 564 F.3d at 159.

In sum, the two offenses at issue in this case were not the same in fact. The prosecution and conviction of Schnittker under

Count 1 following his guilty plea under Count 2 thus did not contravene the Fifth Amendment.[2]

### III.

The prosecution and conviction of Michael Schnittker for receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2) was premised on facts distinct from those covered by Schnittker's guilty plea to possession of child pornography in violation of 18 U.S.C. § 2252(a)(4). Accordingly, Schnittker was subject to multiple punishments for multiple offenses, not multiple punishments for the same offense.

Schnittker's only argument on appeal concerns the double jeopardy question. Because we find no double jeopardy violation, we affirm the district court's judgment.

AFFIRMED

---

[2] Schnittker also raises a successive prosecution argument related to the date change in the superseding indictment. We agree with the district court, however, that "given the Court's conclusion that the receipt charge did not involve the same offense as the possession charge to which the defendant pled guilty, it is not necessary for the Court to consider whether the superseding indictment in fact initiated a new prosecution, as the defendant urges, or was simply part of the same proceeding, in which case Ohio v. Johnson [467 U.S. 493 (1984)] would seem to control." Mem. Op. at 3 n. 1, J.A. 257.