**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4628**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

ULYSSESS TRENELL MCALLISTER,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (7:09-cr-00039-F-1)

Submitted: April 25, 2017                       Decided: May 1, 2017

Before GREGORY, Chief Judge, and KEENAN and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, First Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ulyssess Trenell McAllister pleaded guilty to conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. § 846 (2012), and in September 2009, the district court sentenced McAllister to 65 months of imprisonment, followed by 3 years of supervised release. After McAllister's release from incarceration, the district court revoked his supervised release based on McAllister's new convictions in state court for fleeing to elude, selling heroin, and conspiracy to sell a controlled substance. The district court sentenced McAllister to 24 months of imprisonment and he now appeals. Finding no error, we affirm.

On appeal, McAllister argues that the district court's imposition of an additional term of imprisonment for the new criminal conduct violates the Double Jeopardy Clause's prohibition on successive punishments for the same offense as he was also sentenced to a term of imprisonment in state court. "We review de novo questions concerning the Double Jeopardy Clause." *United States v. Schnittker*, 807 F.3d 77, 81 (4th Cir. 2015). This court has previously determined that the "sentence imposed upon revocation of a term of supervised release is an authorized part of the original sentence, just as the term of the supervised release is an authorized part of the original sentence for commission of the felony." *United States v. Woodrup*, 86 F.3d 359, 361 (4th Cir. 1996); *see also Johnson v. United States*, 529 U.S. 694, 701 (2000) ("We therefore attribute postrevocation penalties to the original conviction."). Therefore, a sentence imposed upon revocation of supervised release does not implicate the Double Jeopardy Clause

2

with regard to the sentence imposed for the new substantive offense. *Woodrup*, 86 F.3d at 361-63.

As McAllister correctly concedes, his argument is thus foreclosed by binding precedent. "A decision of a panel of this court becomes the law of the circuit and is binding on other panels unless it is overruled by a subsequent en banc opinion of this court or a superseding contrary decision of the Supreme Court." *United States v. Collins*, 415 F.3d 304, 311 (4th Cir. 2005) (citation omitted). As there has been no subsequent contrary en banc or Supreme Court decision affecting this precedent, McAllister's argument must fail.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*