**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4481**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

MANUEL DE JESUS GORDILLO-ESCANDON,

    Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Bruce H. Hendricks, District Judge.  (6:17-cr-00206-BHH-3)

Submitted:  October 31, 2017      Decided:  December 13, 2017

Before WYNN, DIAZ, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Howard W. Anderson III, LAW OFFICE OF HOWARD W. ANDERSON III, LLC, Pendleton, South Carolina, for Appellant.  Beth Drake, United States Attorney, D. Josev Brewer, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Manuel de Jesus Gordillo-Escandon has been indicted in the District of South Carolina on federal drug and firearm offenses. Gordillo-Escandon, previously having been convicted on state drug and firearm charges, moved to dismiss the pending federal charges as violative of the Double Jeopardy Clause and the Full Faith and Credit Act, 28 U.S.C. § 1738 (2012). The district court denied the motion, finding that the successive prosecutions by separate sovereigns violated neither the Double Jeopardy Clause nor the Full Faith and Credit Act. Gordillo-Escandon then filed this interlocutory appeal pursuant to *Abney v. United States*, 431 U.S. 651, 662 (1977).

We review preserved claims concerning the Double Jeopardy Clause de novo. *United States v. Schnittker*, 807 F.3d 77, 81 (4th Cir. 2015). The protection against double jeopardy "prohibits the government from subjecting a person to multiple punishments for the same offense." *Id*. (internal quotation marks omitted). However, under the dual sovereignty doctrine, "the Supreme Court has continually held that federal and state crimes are not the same offense, no matter how identical the conduct they proscribe." *United States v. Alvarado*, 440 F.3d 191, 196 (4th Cir. 2006) (internal quotation marks omitted); *see Abbate v. United States*, 359 U.S. 187, 194-96 (1959) (declining to overrule established principle "that a federal prosecution is not barred by a prior state prosecution of the same person for the same acts"). As Gordillo-Escandon concedes, his double jeopardy claim could have merit only if the Supreme Court overturned its decision in *Abbate*. Because *Abbate* remains good law, Gordillo-Escandon's claim must fail.

2

The Full Faith and Credit Act requires federal courts to apply state res judicata law to determine the preclusive effects of a state court judgment. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005); *In re Genesys Data Techs., Inc.*, 204 F.3d 124, 129 (4th Cir. 2000). "Under South Carolina law, to establish res judicata a party must show (1) identity of the parties; (2) identity of the subject matter; and (3) adjudication of the issue in the former suit." *Sunrise Corp. v. City of Myrtle Beach*, 420 F.3d 322, 327 (4th Cir. 2005) (internal quotation marks omitted). We have held that "[t]he federal government is neither the same as nor in privity with the [s]tate [government] and therefore is not barred" by the doctrine of collateral estoppel. *United States v. Smith*, 446 F.2d 200, 202 (4th Cir. 1971). Accordingly, we conclude that Gordillo-Escandon fails to meet the requirements for res judicata under South Carolina law and, therefore, his claim under the Full Faith and Credit Act must fail.

Based on the foregoing, we affirm the district court's denial of Gordillo-Escandon's motion to dismiss the pending federal indictment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*