**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-4108

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MAURICE MCLAIN, a/k/a Mo,

Defendant - Appellant.

No. 17-4056

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ERIC PRIDGEN, a/k/a Rabbit, a/k/a Rab,

Defendant - Appellant.

No. 17-4058

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HERBERT PRIDGEN, a/k/a Bok,

Defendant - Appellant.

No. 17-4132

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MAURICE MCLAIN, a/k/a Mo,

Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of Virginia, at Newport News. Raymond A. Jackson, District Judge. (4:14-cr-00059-RAJ-RJK-1; 4:14-cr-00059-RAJ-RJK-2; 4:14-cr-00059-RAJ-RJK-4)

Submitted: February 28, 2018                    Decided: March 16, 2018

Before KING, FLOYD, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lawrence H. Woodward, Jr., SHUTTLEWORTH, RULOFF, SWAIN, HADDAD & MORECOCK, P.C.; Timothy J. Quick, TIMOTHY J. QUICK, PC, Virginia Beach, Virginia; Scott W. Putney, SCOTT W. PUTNEY, P.C., Norfolk, Virginia, for Appellants. Dana J. Boente, United States Attorney, Alexandria, Virginia, Howard J. Zlotnick, Lisa R. McKeel, Brian J. Samuels, Assistant United States Attorneys, OFFICE OF THE

UNITED STATES ATTORNEY, Newport News, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated cases, a jury convicted Defendants Maurice McLain (appeal No. 17-4132), Eric Pridgen (appeal No. 17-4056), and Herbert Pridgen (appeal No. 17-4058) of several crimes relating to an extensive scheme to commit racketeering, Hobbs Act robbery, and murder in aid of racketeering. All three Defendants appeal their convictions, and McLain appeals his 480-month sentence. In appeal No. 16-4108, McLain appeals the district court's ruling that his prosecution for racketeering conspiracy in the instant matter did not violate his double jeopardy rights. Finding no reversible error, we affirm.

First, all three Defendants claim that the evidence at trial was insufficient to support their convictions for racketeering conspiracy. Eric and Herbert Pridgen further argue that there was insufficient evidence to sustain their convictions for murder in aid of racketeering. "A defendant challenging the sufficiency of the evidence faces a heavy burden." *United States v. Foster*, 507 F.3d 233, 245 (4th Cir. 2007). "A jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it." *Id.* at 244. Evidence is "substantial" if, viewed in the light most favorable to the government, "there is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* at 245.

Having carefully reviewed the entire record, we find that the jury had ample evidence from which it could reasonably conclude that these Defendants were guilty beyond a reasonable doubt of the crimes with which they were charged. Because

4

Defendants have not met the heavy burden necessary to disturb the verdicts against them, we reject their claims of insufficient evidence.

We next turn to McLain's double jeopardy claim. McLain was previously convicted in 2012 of conspiracy to distribute narcotics and use of a firearm during drug trafficking, both in connection with a shooting that was alleged as an overt act of the racketeering conspiracy in the instant case. We review questions of double jeopardy de novo. *United States v. Schnittker*, 807 F.3d 77, 81 (4th Cir. 2015). On the facts present here, we conclude that McLain's successive prosecution was not barred by double jeopardy. *See United States v. Cole*, 293 F.3d 153, 160-62 (4th Cir. 2002); *United States v. Arnoldt*, 947 F.2d 1120, 1126-27 (4th Cir. 1991). McLain further contends that the Government breached his plea agreement in the 2012 case by prosecuting him in the present matter. However, as the district court held, McLain's prosecution for racketeering conspiracy does not run afoul of his plea agreement in the 2012 matter, and McLain's arguments are thus unavailing.

Defendants also contend that the district court erred in admitting testimony by a Government rebuttal witness that a Defense witness was untruthful. Herbert Pridgen additionally claims that the district court erroneously admitted evidence of a shooting that was linked to a firearm he was charged with possessing in this case. We review a trial court's evidentiary rulings for abuse of discretion and will only overturn evidentiary rulings that are arbitrary and irrational. *United States v. Cole*, 631 F.3d 146, 153 (4th Cir. 2011). We will not overturn a court's decision to admit evidence over a Fed. R. Evid. 403 objection "except under the most extraordinary of circumstances, where that

discretion has been plainly abused." *United States v. Williams*, 445 F.3d 724, 732 (4th Cir. 2006) (internal quotation marks omitted).

Upon review, we discern no error in either ruling. The Government laid a proper foundation for its rebuttal witness' testimony, and the district court did not abuse its discretion in admitting it. *See* Fed. R. Evid. 608(a), 701(a). Nor did it err in allowing the Government to present evidence of the shooting, which was relevant to prove that Herbert Pridgen possessed the firearm. Thus, there is no basis for us to disturb the district court's evidentiary rulings.

McLain further contends that the district court erred in denying his motion to sever and in refusing to issue his proposed jury instruction relating to the statute of limitations for racketeering conspiracy. We review both issues for abuse of discretion, *see United States v. Sonmez*, 777 F.3d 684, 688 (4th Cir. 2015) (jury instruction); *United States v. Min*, 704 F.3d 314, 319 (4th Cir. 2013) (severance), and conclude that both rulings fall well within the discretion of the district court. McLain also challenges several other trial management decisions, which we review only for plain error because he failed to object to these rulings in the district court. *See United States v. Olano*, 507 U.S. 725, 731-33 (1993). Because McLain has not shown plain error, we reject his claims.

Finally, McLain challenges his sentence, which we review for both procedural and substantive reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41, 51 (2007). We must "ensure that the district court committed no significant procedural error, such as . . . improperly calculating[] the Guidelines range." *Id.* at 51. If there is no significant procedural error, we then consider

6

the sentence's substantive reasonableness under "the totality of the circumstances." *Id.* We presume that a sentence below a properly calculated Guidelines range is reasonable. *Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Having reviewed the record, we find that McLain has not rebutted the presumption of reasonableness that we afford his below-Guidelines sentence. Therefore, we affirm McLain's sentence.

In sum, we affirm the judgments of the district court with respect to all Defendants. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*