**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4332**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GREGORY WADDELL HAYES,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, Chief District Judge. (5:09-cr-00116-BO-1)

Submitted: January 18, 2019                    Decided: March 5, 2019

Before GREGORY, Chief Judge, HARRIS, Circuit Judge, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gregory Waddell Hayes appeals the revocation of his supervised release and the 42-month sentence imposed by the district court upon revocation. On appeal, Hayes argues that his revocation sentence violates the Double Jeopardy Clause because he also was sentenced by the state court for the same conduct that led to the revocation of his supervised release. We affirm.

"We review de novo questions concerning the Double Jeopardy Clause." *United States v. Schnittker*, 807 F.3d 77, 81 (4th Cir. 2015). This court has previously determined that "[t]he sentence imposed upon revocation of a term of supervised release is an authorized part of the original sentence, just as the term of supervised release is an authorized part of the original sentence for commission of the felony." *United States v. Woodrup*, 86 F.3d 359, 361 (4th Cir. 1996); *see also Johnson v. United States*, 529 U.S. 694, 699–701 (2000); *United States v. Ketter*, 908 F.3d 61, 65 (4th Cir. 2018). Therefore, a sentence imposed upon revocation of supervised release does not implicate the Double Jeopardy Clause. *Woodrup*, 86 F.3d at 361–63.

Hayes's argument is thus foreclosed by binding precedent. "A decision of a panel of this court becomes the law of the circuit and is binding on other panels unless it is overruled by a subsequent en banc opinion of this court or a superseding contrary decision of the Supreme Court." *United States v. Collins*, 415 F.3d 304, 311 (4th Cir. 2005). As there has been no subsequent contrary en banc or Supreme Court decision affecting this precedent, Hayes' argument must fail.

Accordingly, we affirm the district court's revocation judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*