**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4369**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

     v.

MAURICE MONTRAE PARKS,

          Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, Senior District Judge. (5:17-cr-00190-BR-1)

Submitted: April 12, 2019                   Decided: April 24, 2019

Before WILKINSON and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Maurice Montrae Parks appeals his conviction and 90-month sentence imposed following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (2012). On appeal, Parks argues that his prosecution and resulting sentence violate the Double Jeopardy Clause's prohibition against successive punishments for the same offense because the same underlying conduct had previously formed the basis for the revocation of his supervised release and resulting postrevocation sentence of imprisonment. Finding no error, we affirm.

"We review de novo questions concerning the Double Jeopardy Clause." *United States v. Schnittker*, 807 F.3d 77, 81 (4th Cir. 2015). As Parks properly concedes, his argument is foreclosed by binding precedent. We have previously determined that "[t]he sentence imposed upon revocation of a term of supervised release is an authorized part of the original sentence," intended to sanction the defendant's breach of the court's trust in violating the terms of his release, "leaving the punishment for any new criminal conduct to the court responsible for imposing the sentence for that offense." *United States v. Woodrup*, 86 F.3d 359, 361 (4th Cir. 1996) (emphasis and internal quotation marks omitted); *see also Johnson v. United States*, 529 U.S. 694, 701 (2000) ("We therefore attribute postrevocation penalties to the original conviction."). Because the punishment imposed on a defendant for violating his supervised release terms is considered punishment for his original offense, not for his subsequent offense, "the punishment imposed for this latter offense is not barred by the Double Jeopardy Clause." *Woodrup*, 86 F.3d at 362.

2

It is well-settled that "[a] decision of a panel of this court becomes the law of the circuit and is binding on other panels unless it is overruled by a subsequent en banc opinion of this court or a superseding contrary decision of the Supreme Court." *United States v. Collins*, 415 F.3d 304, 311 (4th Cir. 2005) (internal quotation marks omitted). As *Woodrup* has not been affected by any intervening en banc or Supreme Court decision, Parks' argument is unavailing.

Accordingly, although we deny the Government's motion for summary affirmance, *see* 4th Cir. R. 27(f)(1), we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*