**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4807**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CHRISTOPHER RAY PARRISH,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:08-cr-00099-FL-1)

Submitted: June 18, 2019                   Decided: June 26, 2019

Before NIEMEYER, KING, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Ray Parrish pled guilty pursuant to a plea agreement to possession of marijuana with intent to distribute and possession of a firearm in furtherance of a drug trafficking crime. In December 2008, the district court sentenced Parrish to 262 months of imprisonment, followed by five years of supervised release. Parrish's sentence was reduced twice, ultimately to 94 months' imprisonment. After his release from incarceration, Parrish was convicted of possession of marijuana and cocaine with intent to distribute and possession of a firearm by a convicted felon. The district court sentenced Parrish to 74 months for the new federal convictions, then revoked his supervised release from his 2008 convictions and imposed a 42-month term to be served consecutively. On appeal, Parrish argues that the revocation of his supervised release and resulting sentence violate the Double Jeopardy Clause's prohibition against successive punishments for the same offense because the same underlying conduct formed the basis for his new federal convictions. Finding no error, we affirm.

"We review de novo questions concerning the Double Jeopardy Clause." *United States v. Schnittker*, 807 F.3d 77, 81 (4th Cir. 2015). As the government correctly observes, Parrish's argument is foreclosed by binding precedent. We have previously determined that the "sentence imposed upon revocation of a term of supervised release is an authorized part of the original sentence," intended to sanction the defendant's breach of the court's trust in violating the terms of his release, "leaving the punishment for any new criminal conduct to the court responsible for imposing the sentence for that offense." *United States v. Woodrup*, 86 F.3d 359, 361 (4th Cir. 1996) (emphasis and internal

2

quotation marks omitted); *see also Johnson v. United States*, 529 U.S. 694, 701 (2000) ("We therefore attribute postrevocation penalties to the original conviction."). Therefore, a sentence imposed upon revocation of supervised release does not implicate the Double Jeopardy Clause as to the sentence imposed for the new substantive offense. *Woodrup*, 86 F.3d at 361-63.

It is well-settled that "[a] decision of a panel of this court becomes the law of the circuit and is binding on other panels unless it is overruled by a subsequent en banc opinion of this court or a superseding contrary decision of the Supreme Court." *United States v. Collins*, 415 F.3d 304, 311 (4th Cir. 2005) (internal quotation marks omitted). As *Woodrup* has not been impacted by any intervening en banc or Supreme Court decision, Parrish's argument is unavailing.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*