**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4847**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EDUARDO ROMERO MARTINEZ, a/k/a Lalo,

Defendant - Appellant.

**No. 18-4865**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EDUARDO ROMERO MARTINEZ, a/k/a Lalo,

Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:08-cr-00039-D-1; 7:18-cr-00012-D-1)

Submitted: June 20, 2019                                        Decided: July 19, 2019

Before WYNN and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Phillip A. Rubin, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated cases, Eduardo Romero Martinez appeals the revocation judgment imposed following Martinez's admission to violating the terms of his supervised release, which was imposed in conjunction with Martinez's 2009 federal drug trafficking conviction (No. 18-4847), and the 60-month upward variant sentence imposed following Martinez's guilty plea, in a separate criminal proceeding, to possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (2012) (No. 18-4865). Martinez argues on appeal that (1) the supervised release revocation and resulting sentence violate the Double Jeopardy Clause's prohibition against successive punishments for the same offense because the same underlying conduct formed the basis for the new criminal proceeding; and (2) the 60-month upward variant sentence is substantively unreasonable. Finding no error in the former and no abuse of discretion in the latter, we affirm both judgments.

First, as to the double jeopardy argument pressed in No. 18-4847, "[w]e review de novo questions concerning the Double Jeopardy Clause." *United States v. Schnittker*, 807 F.3d 77, 81 (4th Cir. 2015). Martinez properly concedes that his argument is foreclosed by binding precedent. We have previously determined that "[t]he sentence imposed upon revocation of a term of supervised release is an authorized part of the original sentence," intended to sanction the defendant's breach of the court's trust in violating the terms of his release, "leaving the punishment for any new criminal conduct to the court responsible for imposing the sentence for that offense." *United States v. Woodrup*, 86 F.3d 359, 361 (4th Cir. 1996) (emphasis and internal quotation marks

3

omitted); *see also Johnson v. United States*, 529 U.S. 694, 701 (2000) ("We therefore attribute postrevocation penalties to the original conviction."); *United States v. Ketter*, 908 F.3d 61, 65 (4th Cir. 2018) ("[T]he term of supervised release, the revocation of that term, and any additional term of imprisonment imposed for violating the terms of the supervised release are all part of the original sentence.") (quoting *United States v. Evans*, 159 F.3d 908, 913 (4th Cir. 1998)). Because the punishment imposed on a defendant for violating his supervised release terms is "properly considered punishment" for his original offense, not for his subsequent offense, "the punishment imposed for this latter offense is not barred by the Double Jeopardy Clause." *Woodrup*, 86 F.3d at 362.

It is well settled that "[a] decision of a panel of this court becomes the law of the circuit and is binding on other panels unless it is overruled by a subsequent en banc opinion of this court or a superseding contrary decision of the Supreme Court." *United States v. Collins*, 415 F.3d 304, 311 (4th Cir. 2005) (internal quotation marks omitted). As *Woodrup* has not been affected by any intervening en banc or Supreme Court decision, Martinez's argument is foreclosed. Accordingly, we affirm the revocation judgment on appeal in No. 18-4847.

Turning to No. 18-4865, Martinez challenges the substantive reasonableness of the 60-month upward variant sentence the district court imposed in his new criminal proceeding. In reviewing the substantive reasonableness of a sentence, this court "take[s] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). While "[a] major departure from the advisory range 'should be supported by a more significant justification

4

than a minor one,'" *United States v. Morace*, 594 F.3d 340, 346 (4th Cir. 2010) (quoting *Gall*, 552 U.S. at 50), "district courts have extremely broad discretion when determining the weight to be given each of the [18 U.S.C.] § 3553(a) [(2012)] factors," *United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011). While this court will vacate a variant sentence upon concluding that the district court offered inadequate reasoning "or if it relie[d] on improper factors," we must and will "defer to the district court and affirm a reasonable sentence, even if we would have imposed something different." *United States v. Bolton*, 858 F.3d 905, 915 (4th Cir. 2017) (internal quotation marks omitted).

Upon review, we hold that the record demonstrates the district court's proper and well-reasoned basis for varying upward from Martinez's Guidelines range of 37-46 months to impose a 60-month sentence. The district court's primary reasons for the upward variance went hand in glove: Martinez's demonstrated history of drug trafficking coupled with Martinez's resistance to all prior efforts to curb his recidivism, which was chronic and unabated for many years. The court further opined that an upward variance was necessary to deter others from similar conduct. Finally, a longer sentence was warranted, in the court's view, to protect the public from future crimes by Martinez, who consistently showed himself unwilling to conform his conduct to the law even after an extended period of federal incarceration and while on federal supervised release.

In light of the deference accorded to a district court's sentencing decision, we hold that Martinez has failed to establish that his sentence is substantively unreasonable. *See United States v. Hargrove*, 701 F.3d 156, 163-64 (4th Cir. 2012) (affirming 60-month upward variant sentence imposed on defendant whose assumed Guidelines range was 0-6

months); *see also United States v. Angle*, 598 F.3d 352, 359 (7th Cir. 2010) ("All that matters is that the sentence imposed be reasonable in relation to the 'package' of reasons given by the court . . . ."). Accordingly, we affirm the criminal judgment on appeal in No. 18-4865.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*