**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4659**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

DARRELL TYKWAN ATKINSON, a/k/a Da Da,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:16-cr-00120-D-5)

Submitted:  April 30, 2019                                      Decided:  August 7, 2019

Before KING, THACKER, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darrell Tykwan Atkinson sold heroin while serving a term of supervised release, resulting in a 24-month sentence for distributing a controlled substance, plus a consecutive 24-month revocation sentence for violating his supervision. On appeal from his revocation judgment, Atkinson contends that the revocation sentence violates the Double Jeopardy Clause. For the reasons that follow, we affirm.

We review double jeopardy challenges de novo. *United States v. Schnittker*, 807 F.3d 77, 81 (4th Cir. 2015). Nevertheless, on settled issues of law, it is well established "that one panel [of this court] cannot overrule a decision issued by another panel" unless "the [prior panel] decision rests on authority that subsequently proves untenable." *United States v. Williams*, 808 F.3d 253, 261 (4th Cir. 2015) (internal quotation marks omitted).

In *United States v. Woodrup*, 86 F.3d 359 (4th Cir. 1996), we held that "the Double Jeopardy Clause does not prohibit the government from criminally prosecuting and punishing an offense which has formed the basis for revocation of a term of supervised release." *Id.* at 363. In urging us to depart from *Woodrup*, Atkinson highlights changes to the Sentencing Guidelines and statutory sentencing factors that have occurred since 1996. These changes, however, simply provide no basis for us to conclude that the reasoning in *Woodrup* is no longer sound. Likewise, the Supreme Court's recent decision in *United States v. Haymond*, 139 S. Ct. 2369 (2019), does not undermine *Woodrup*. Thus, we reject Atkinson's assertion that his revocation sentence runs afoul of the Double Jeopardy Clause.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*