**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4254**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAVOB JAMES HARRISON, JR., a/k/a Skittles,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:11-cr-00008-BR-1)

Submitted:  November 21, 2019                    Decided:  November 25, 2019

Before KEENAN and DIAZ, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

While serving a term of federal supervised release, Javob James Harrison, Jr., distributed a quantity of crack cocaine. Harrison pled guilty to the ensuing federal charge, which resulted in an 18-month term of imprisonment. The district court also imposed a consecutive 24-month sentence for Harrison's violation of the terms of his supervised release. On appeal from his revocation judgment, Harrison contends that the revocation sentence violates the Double Jeopardy Clause. For the reasons that follow, we affirm.

We review double jeopardy challenges de novo. *United States v. Schnittker*, 807 F.3d 77, 81 (4th Cir. 2015). We have previously determined that "[t]he sentence imposed upon revocation of a term of supervised release is an authorized part of the original sentence," intended to sanction the defendant's breach of the court's trust in violating the terms of his release, "leaving the punishment for any new criminal conduct to the court responsible for imposing the sentence for that offense." *United States v. Woodrup*, 86 F.3d 359, 361 (4th Cir. 1996) (emphasis and internal quotation marks omitted); *see also Johnson v. United States*, 529 U.S. 694, 701 (2000) ("We therefore attribute postrevocation penalties to the original conviction."). Because the punishment imposed on a defendant for violating his supervised release term "is properly considered punishment for his previous offense," not for his subsequent offense, "the punishment imposed for this latter offense is not barred by the Double Jeopardy Clause." *Woodrup*, 86 F.3d at 362.

Harrison properly concedes that his argument is foreclosed by *Woodrup*. It is well settled that "[a] decision of a panel of this court becomes the law of the circuit and is binding on other panels unless it is overruled by a subsequent en banc opinion of this court

2

or a superseding contrary decision of the Supreme Court." *United States v. Collins*, 415 F.3d 304, 311 (4th Cir. 2005) (internal quotation marks omitted). Although *Woodrup* has not been affected by any intervening en banc or Supreme Court decision, Harrison nonetheless urges us to depart from *Woodrup*, highlighting changes to the Sentencing Guidelines and statutory sentencing factors that have occurred since 1996. These changes, however, provide no basis for us to conclude that the reasoning in *Woodrup* is no longer sound. We thus reject Harrison's assertion that his revocation sentence runs afoul of the Double Jeopardy Clause.

Accordingly, we affirm the district court's revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*