**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4456**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

RICARDO JEROME BENNETT, SR.,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:18-cr-00088-D-1)

Submitted:  October 20, 2020               Decided:  October 23, 2020

Before GREGORY, Chief Judge, DIAZ, Circuit Judge, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Mitchell G. Styers, BANZET, THOMPSON, STYERS & MAY, PLLC, Warrenton, North Carolina, for Appellant.  Brian A. Benczkowski, Assistant Attorney General, John P. Cronan, Deputy Assistant Attorney General, Thomas E. Booth, Criminal Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Robert J. Higdon, Jr., United States Attorney, Jennifer May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina; for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Ricardo Bennett of two counts of receipt of child pornography, and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(2), (a)(4)(B). The district court sentenced Bennett to 216 months' imprisonment. On appeal, Bennett challenges the sufficiency of the evidence to support his receipt of child pornography convictions and argues that his sentence is substantively unreasonable. Finding no error, we affirm.

Bennett first argues that the trial evidence was insufficient to establish that he knowingly received child pornography. A defendant challenging the sufficiency of the evidence faces a heavy burden. *United States v. Wolf*, 860 F.3d 175, 194 (4th Cir. 2017). On appeal, a jury's verdict must be upheld "if, viewing the evidence in the light most favorable to the government, substantial evidence supports it." *Id.* (internal quotation marks omitted). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* (internal quotation marks and brackets omitted). In undertaking our review, we cannot "assess witness credibility, and we assume that the jury resolved any conflicting evidence in the prosecution's favor." *United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018) (internal quotation marks omitted). To reverse, "the prosecution's failure [must be] clear." *United States v. Palomino-Coronado*, 805 F.3d 127, 130 (4th Cir. 2015) (internal quotation marks omitted).

In order to convict Bennett of receiving of child pornography, the Government was required to prove that Bennett (1) knowingly, (2) received, distributed, or reproduced for

2

distribution, (3) a visual depiction, (4) of a minor engaged in sexually explicit conduct, and that (5) he knew both that it portrayed a person under the age of 18 and that the minor was engaged in sexually explicit conduct.* 18 U.S.C. § 2252(a)(2); *see States v. Cedelle*, 89 F.3d 181, 185 (4th Cir. 1996). To satisfy the knowing element, the Government must adduce evidence "that the defendant had knowledge of the sexually explicit nature of the materials as well as . . . the involvement of minors in the materials' production." *United States v. Miltier*, 882 F.3d 81, 86 (4th Cir. 2018) (internal quotation marks omitted).

At trial, Bennett admitted to using Ares, a peer-to-peer file sharing program used to download child pornography. The Government presented testimony about Bennett's pretrial admissions to law enforcement that (1) he used Ares to download child pornography; (2) he maintained a "My Shared folder" on the desktop computer—the default destination for all files downloaded from Ares; (3) he had about 25 child pornography files in the shared folder on his desktop; (4) he used search terms indicative of child pornography, and that (5) he understood child pornography to involve individuals engaged in sexual activity with minors. Moreover, trial evidence showed that Bennett's user accounts on every computer were password-protected and revealed 1,200 child pornography images on the computers seized at Bennett's residence. Finally, there was also evidence that, in 2004, a child pornography movie was downloaded to Bennett's shared folder minutes after a file related to Bennett's job was created. Although Bennett

---

* The possession of child pornography offense under 18 U.S.C. § 2252(a)(4)(B) is a lesser included offense of receipt of child pornography offense under 18 U.S.C. § 2252(a)(2). *See United States v. Schnittker*, 807 F.3d 77, 81 (4th Cir. 2015).

3

presented testimony indicating that other people—his wife and children—had access to the computers and knew his computer account passwords, his wife denied downloading any child pornography files. It is the province of the jury to weigh credibility, not ours. *See Savage*, 885 F.3d at 219. Accordingly, taking the evidence in the light most favorable to the Government, the Government presented sufficient evidence to permit a jury to conclude that Bennett knowingly received child pornography.

Next, Bennett argues that his sentence is substantively unreasonable. We review criminal sentences for both procedural and substantive reasonableness "under a deferential abuse-of-discretion standard." *United States v. Lynn*, 912 F.3d 212, 216 (4th Cir.), *cert. denied*, 140 S. Ct. 86 (2019) (internal quotation marks omitted). A court must impose a sentence that is "sufficient, but not greater than necessary, to comply with" the basic sentencing objectives set forth in 18 U.S.C. § 3553(a) by Congress. 18 U.S.C. § 3553; *see Rita v. United States*, 551 U.S. 338, 347-48 (2007) (summarizing § 3553(a)(2)'s purposes as just punishment, deterrence, incapacitation, and rehabilitation). In evaluating substantive reasonableness, we look to "the totality of the circumstances to determine whether the district court abused its discretion in applying the standards set out in [§] 3553(a)(2)." *United States v. Bollinger*, 798 F.3d 201, 221 (4th Cir. 2015). "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

The records shows that the court properly calculated the applicable Sentencing Guidelines range and weighed the § 3553 factors, especially noting the seriousness of the offense. The court considered Bennett's military service, his work and family history, and

4

his good pretrial release conduct. The court also considered the victims' impact statements, but in light of its personalized assessment of Bennett's circumstances, the court granted Bennett's motion for a downward variance, ultimately imposing a sentence 46 months below the Guidelines range. Nothing in the record rebuts the presumption afforded to Bennett's below-Guidelines sentence. We conclude that Bennett's sentence is substantively reasonable.

We therefore affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*