**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-7790**

STEPHEN NIVENS,

        Petitioner - Appellant,

      v.

J. PHILLIP MORGAN, Warden; ATTORNEY GENERAL OF MARYLAND,

        Respondents - Appellees.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Theodore D. Chuang, District Judge. (8:16-cv-02648-TDC)

Submitted: November 30, 2020            Decided: December 14, 2020

Before WYNN, DIAZ, and THACKER, Circuit Judges.

Affirmed in part, dismissed in part by unpublished per curiam opinion.

Stephen Nivens, Appellant Pro Se. Jer Welter, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stephen Nivens appeals the district court's order denying relief on his 28 U.S.C. § 2254 petition. Due in part to the record's omission of Nivens' charging instrument, we granted a partial certificate of appealability on Nivens' claim that, in violation of the Double Jeopardy Clause, the prosecution charged and obtained a conviction for an offense that it had previously abandoned at trial. Now, with the benefit of a supplemented record, we affirm in part and dismiss in part.

To appeal the denial of a § 2254 petition, a petitioner must obtain a certificate of appealability from a circuit justice or judge. 28 U.S.C. § 2253(c)(1)(A). For claims on which a certificate of appealability has been granted, we review the denial of habeas relief de novo. *Grueninger v. Dir., Va. Dep't of Corr.*, 813 F.3d 517, 523 (4th Cir. 2016).

Nivens' indictment—included as part of the supplemental record—confirms that no double jeopardy violation occurred. At trial, the prosecution abandoned a charge of breaking and entering with the intent to commit a theft of less than $300 (Count 6), and the jury found Nivens guilty of burglary with intent to commit a sex offense (Count 5). Due to an evidentiary error, the conviction on Count 5 was vacated on appeal. Thereafter, Nivens entered an *Alford*[*] plea to Count 5—the conviction he challenges here.

Throughout his state and federal postconviction proceedings, Nivens has argued that Counts 5 and 6 were the same, so the prosecution's abandonment of Count 6 precluded his subsequent *Alford* plea to Count 5. *See United States v. Schnittker*, 807 F.3d 77, 81 (4th

---

[*] *North Carolina v. Alford,* 400 U.S. 25 (1970).

2

Cir. 2015) (noting that prohibition against double jeopardy protects a defendant from being convicted of two charges that "are in law and in fact the same offense" (internal quotation marks omitted)). However, the record now makes clear that Count 6 was markedly different from Count 5, as the former involved the intent to commit a petty theft while the latter involved the intent to commit a sex offense. Accordingly, we affirm the part of the district court's order denying relief on this claim.

Turning to Nivens' other habeas claims, a certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

We have independently reviewed the record and conclude that Nivens has not made the requisite showing. Accordingly, we deny Nivens' motion for a certificate of appealability and dismiss the remainder of the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*