**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4669**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PRESTON STAVON BULLOCK,

Defendant - Appellant.

**No. 18-4690**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PRESTON STAVON BULLOCK,

Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of North Carolina, at Elizabeth City and Greenville.  James C. Dever III, District Judge.  (2:11-cr-00017-D-1; 4:18-cr-00002-D-1)

Submitted:  June 26, 2019                                    Decided:  July 5, 2019

Before KEENAN, THACKER, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Banumathi Rangarajan, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Preston Bullock appeals the 60-month sentence imposed following his guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2012) (No. 18-4690), and the 24-month consecutive sentence imposed for violating the conditions of his supervised release (No. 18-4669). Bullock argues that his criminal sentence on the firearm offense is substantively unreasonable and that his revocation sentence penalized him a second time for the offense conduct punished by his criminal conviction, in violation of the Double Jeopardy Clause. We affirm.

"We review a sentence for reasonableness 'under a deferential abuse-of-discretion standard.'" *United States v. McCoy*, 804 F.3d 349, 351 (4th Cir. 2015) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). The parties do not dispute that Bullock's criminal sentence is procedurally reasonable.[1] *See Gall*, 552 U.S. at 49-51.

Accordingly, we next consider whether the sentence imposed is substantively reasonable under "the totality of the circumstances, including the extent of any variance from the [Sentencing] Guidelines range." *Id.* at 51. When a district court departs from or imposes a sentence outside of the Guidelines range, we "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *United States v. Zuk*, 874 F.3d 398, 409 (4th Cir. 2017) (internal quotation marks omitted). But the district court need not find "extraordinary

---

[1] Bullock does not challenge the reasonableness of his revocation sentence, so we decline to consider that issue on appeal. *See Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017).

3

circumstances" to justify a deviation from the Guidelines range. *Gall*, 552 U.S. at 47. In this case, the district court cited the nature of the offense, the characteristics of Bullock, the need to provide just punishment, and the need to protect the public. And the district court specifically explained its view that the advisory Guidelines were inadequate on the facts at hand. The district court did not abuse its discretion in concluding that these circumstances justified an upward departure under U.S. Sentencing Guidelines Manual § 4A1.3, p.s. (2016), and an upward variance from the post departure advisory Guidelines range.

We review double jeopardy claims de novo. *United States v. Schnittker*, 807 F.3d 77, 81 (4th Cir. 2015). But Bullock's argument that revocation sentences violate the Double Jeopardy Clause is foreclosed by controlling precedent.[2] *United States v. Woodrup*, 86 F.3d 359, 361 (4th Cir. 1996). Furthermore, the district court based its revocation on Bullock's breach of trust, not the offense conduct giving rise to his firearm conviction. Thus, this claim is meritless.

Accordingly, we affirm the district court's judgments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[2] Although Bullock points to *Gamble v. United States*, __ S. Ct. __, No. 17-646, 2019 WL 2493923 (U.S. June 17, 2019), as support for the double jeopardy claim, *Gamble* is inapposite.