**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 19-4919**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

   v.

RANDALL J. KEYSTONE,

          Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap.  James P. Jones, District Judge.  (2:18-cr-00013-JPJ-PMS-1)

Submitted:  July 19, 2021                 Decided:  August 13, 2021

Before WILKINSON, MOTZ, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Juval O. Scott, Federal Public Defender, Lisa Marie Lorish, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charlottesville, Virginia, for Appellant.  Thomas T. Cullen, United States Attorney, Jennifer R. Bockhorst, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Randall J. Keystone appeals his convictions by a jury of two counts of knowingly transmitting a true threat in interstate commerce, in violation of 18 U.S.C. § 875(c), and his sentence of 120 months. He argues that the indictment was multiplicitous, that there was insufficient evidence to support his convictions, and that his sentence is procedurally and substantively unreasonable. We affirm.

Keystone argues that his multiple convictions violate the Double Jeopardy Clause of the Fifth Amendment. An indictment is multiplicitous if it charges "a single offense . . . in multiple . . . counts." *United States v. Thomas*, 669 F.3d 421, 425 (4th Cir. 2012) (internal quotation marks omitted). The Double Jeopardy Clause "prohibits the government from subjecting a person to multiple punishments for the same offense," *United States v. Schnittker*, 807 F.3d 77, 81 (4th Cir. 2015) (internal quotation marks omitted), "not for the same *conduct or actions*," *Gamble v. United States*, 139 S. Ct. 1960, 1965 (2019) (internal quotation marks omitted). "It is well-settled that a defendant may be charged and prosecuted for the same statutory offense multiple times when each prosecution is based on discre[te] acts that each constitute a crime." *United States v. Goodine*, 400 F.3d 202, 208 (4th Cir. 2005). With these standards in mind, we have reviewed the record on appeal and find no reversible error in the district court's denial of Keystone's motion to dismiss the indictment on double jeopardy grounds. *See United States v. Hosford*, 843 F.3d 161, 163 (4th Cir. 2016) (stating standard of review).

Next, Keystone argues that the letters he mailed to the former state court prosecutor cannot be considered true threats because they were hypothetical and did not evidence that

2

violence was likely or imminent. "We review the denial of a motion for judgment of acquittal de novo." *United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018). In assessing the sufficiency of the evidence, we determine whether there is substantial evidence to support the convictions, "viewing the evidence in the light most favorable to the [G]overnment." *Id.* (internal quotation marks omitted). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Rodriguez-Soriano*, 931 F.3d 281, 286 (4th Cir. 2019) (brackets and internal quotation marks omitted). "A defendant who brings a sufficiency challenge bears a heavy burden, as appellate reversal on grounds of insufficient evidence is confined to cases where the prosecution's failure is clear." *Savage*, 885 F.3d at 219 (internal quotation marks omitted).

To convict a defendant of violating 18 U.S.C. § 875(c), the Government must establish "(1) that the defendant knowingly transmitted a communication in interstate . . . commerce; (2) that the defendant subjectively intended the communication as a threat; and (3) that the content of the communication contained a true threat to . . . injure." *United States v. White*, 810 F.3d 212, 220-21 (4th Cir. 2016) (internal quotation marks omitted). "The speaker need not actually intend to carry out the threat" because "a prohibition on true threats protects individuals from the fear of violence and from the disruption that fear engenders, in addition to protecting people from the possibility that the threatened violence will occur." *Virginia v. Black*, 538 U.S. 343, 359-60 (2003) (brackets and internal quotation marks omitted). Thus, a true threat is distinguishable from unprotected categories of speech like fighting words or words that are "directed to inciting

or producing imminent lawless action and [are] likely to incite or produce such action." *Id.* at 359 (internal quotation marks omitted).

Our review of the record leads us to conclude that sufficient evidence supports the jury's verdict. Keystone argues that, in order to convict him under § 875(c), the Government was required to show that violence was likely and/or imminent. But his argument is squarely foreclosed by the Supreme Court's decision in *Black*.

Finally, Keystone argues that his 120-month sentence, which is above the Sentencing Guidelines range established by the district court, is procedurally and substantively unreasonable. We review a sentence, "whether inside, just outside, or significantly outside the Guidelines range[,] under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, considered the 18 U.S.C. § 3553(a) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. *Id.* at 49-51.

Here, the district court correctly calculated the Guidelines range but varied upward based on its review of the § 3553(a) factors, particularly the need to protect the public from future crimes.[*] Keystone complains that the district court speculated about his motivations

---

[*] Contrary to Keystone's assertion on appeal, the protections of Fed. R. Crim. P. 32(h) do not extend to the upward variant sentence imposed by the district court. *See Irizarry v. United States*, 553 U.S. 708, 716 (2008).

and future conduct, but, in sentencing defendants, district courts must consider the need for the imposed sentence "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C). The district court did just that by evaluating Keystone's risk of recidivism in light of his criminal history and lack of understanding of the seriousness of his repeated conduct of sending threatening letters. Although Keystone asserts that the district court relied on victim impact that was not in the record, his assertion is belied by the trial testimony of the victims. We therefore conclude that Keystone's sentence is procedurally reasonable.

If, as here, a sentence is free of "significant procedural error," we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Gall*, 552 U.S. at 51. "In reviewing a variant sentence, we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Washington*, 743 F.3d 938, 944 (4th Cir. 2014) (internal quotation marks omitted). "We will vacate such [a] sentence if its stated reasoning is inadequate or if it relies on improper factors." *United States v. Bolton*, 858 F.3d 905, 915 (4th Cir. 2017). "While a district court's explanation for the sentence must support the degree of the variance, it need not find extraordinary circumstances to justify a deviation from the Guidelines." *United States v. Spencer*, 848 F.3d 324, 327 (4th Cir. 2017) (citation and internal quotation marks omitted). Because our review is ultimately for an abuse of discretion, we accord "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *United States v. Zuk*, 874 F.3d 398, 409 (4th Cir. 2017) (internal

5

quotation marks omitted). Even if "we might reasonably conclude that a different sentence is appropriate, that conclusion, standing alone, is an insufficient basis to vacate the district court's chosen sentence." *Id.* (alterations and internal quotation marks omitted).

Our review of the record confirms that Keystone's sentence is substantively reasonable. The district court provided a thorough discussion of the § 3553(a) factors and concluded that, in light of Keystone's history of threatening communications, an above-Guidelines sentence was necessary to protect the public from future crimes. We defer to the district court's determination that the § 3553(a) factors, taken as a whole, justified Keystone's sentence.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*